ON APPLICATION FOR REINSTATEMENT
PER CURIAM.
This proceeding arises out of an application for reinstatement filed by petitioner, Wade N. Kelly, an attorney who is currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
On June 5, 1998, this court suspended petitioner from practice for three years. In re: Kelly, 98-0368 (La.6/5/98), 713 So.2d 458. The underlying disciplinary matter arose from petitioner’s diversion of more than $60,000 in legal fees from the law firm of which he was then a partner. After serving his suspension, petitioner filed an application for reinstatement, asserting that he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel (“ODC”) initially indicated that it would take no position concerning petitioner’s reinstatement to the practice of law, and accordingly, the matter was referred for a formal hearing before a hearing committee.
After considering the evidence presented, the hearing committee recommended that the petition for reinstatement be granted. The ODC objected to the recommendation solely insofar as no period of supervised probation followed petitioner’s reinstatement.
| ¡/Thereafter, the disciplinary board recommended to this court that petitioner be reinstated to the practice of law. The board adopted the factual findings of the hearing committee, and agreed that petitioner proved by clear and convincing evidence that he satisfies the criteria for reinstatement. However, considering the *977 circumstances, the board recommended that petitioner’s reinstatement be conditional, subject to a probationary period of eighteen months. During this period, the board recommended petitioner’s financial accounts, including any operating or trust accounts, be subject to monitoring on a quarterly basis at his expense. The board also recommended that petitioner be assessed with all costs and expenses of these proceedings.
Neither petitioner nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Petitioner has served the three-year suspension imposed by this court in 1998, and no objections were received to his application for reinstatement. Petitioner has met the criteria for reinstatement set forth in Supreme Court Rule XIX, § 24(E). Accordingly, we will accept the disciplinary board’s recommendation and order that petitioner be conditionally reinstated to the practice of law in Louisiana, subject to a probationary period of eighteen months. During the period of probation, petitioner’s financial accounts, including any operating or client trust accounts, shall be monitored on at least a quarterly basis at his expense. Should petitioner fail to comply with the conditions of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
laDECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Wade N. Kelly be conditionally reinstated to the practice of law in Louisiana, subject to a probationary period of eighteen months. During this period, petitioner’s financial accounts, including any operating or client trust accounts, shall be subject to monitoring on at least a quarterly basis at his expense. Should petitioner fail to comply with the conditions of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
VICTORY and TRAYLOR, JJ, dissent.